Judgment, Supreme Court, New York County (Charles J. Tejada, J., at suppression hearing; Arlene Goldberg, J., at jury trial and sentence), rendered July 12, 2006, convicting defen *285 dant of criminal possession of a weapon in the second degree and two counts of criminal possession of a weapon in the third degree, and sentencing him, as a persistent violent felony offender, to an aggregate term of 20 years to life, unanimously affirmed.
The court properly denied defendant’s suppression motion. Although neither employee spelled out defendant’s role in the scheme, two store employees told the police that both defendant and his codefendant were jointly engaged in an effort to make purchases with stolen credit cards. According to an officer, one of the employees specifically pointed out the two men as “the individuals with the cards.” This information was corroborated when an officer saw the codefendant leave a cash register, walk over to defendant to converse with him, return to the cash register, depart with defendant, and exchange bags with defendant while they were walking in the street. Although defendant argues that the police lacked any evidence that he was a participant in the codefendant’s illegal activity, we conclude that the totality of the circumstances provided probable cause for defendant’s arrest. In order to establish probable cause for defendant’s arrest, the People were not required to prove his accessorial liability under Penal Law § 20.00 beyond a reasonable doubt (see Brinegar v United States, 338 US 160, 175 [1949]; People v Bigelow, 66 NY2d 417, 423 [1985]).
We perceive no basis for reducing the sentence. Concur— Lippman, PJ., Sweeny, Catterson, Acosta and Renwick, JJ.